UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATALIA ANTONOVA,

    Plaintiff,

v.                          Case No.:  2:22-cv-329-SPC-NPM

SOUTHERN OWNERS
INSURANCE COMPANY,

    Defendant.

_____/

## ORDER[1]

Before the Court is Defendant Southern Owners Insurance Company's Response (Doc. 13) to the Court's Order to Show Cause (Doc. 12).  The Court directed Southern to show cause on two issues: (1) the citizenship of Plaintiff Natalia Antonova and (2) the amount in controversy.  Because complete diversity and amount in controversy are still unclear, the case is remanded.

Removal is proper when the district court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 522 F.3d 1290, 1294–95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  "A removing defendant bears

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

the burden of proving federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Given "significant federalism concerns," courts interpret removal statutes strictly and resolve all doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 411 (11th Cir. 1999).

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Court ordered Southern to show cause on both requirements because the Notice of Removal was unclear. Both requirements are still unsettled.

## A. Diversity

Southern claims that Antonova is a Florida citizen. For support, the Notice (Doc. 1) only pointed to the Complaint (Doc. 2), which states that Antonova *resides* in Charlotte County. Residence is not necessarily domicile. *E.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Antonova's pled residence was not enough for Southern to meet its diversity of citizenship burden, so the Order to Show Cause issued.

Southern's Response does nothing to resolve that issue. Instead, Southern directs the Court's attention to a previous case Antonova brought against Southern's parent company about the same cause of action. *See Antonova v. Auto-Owners Ins. Co.*, No. 2:20-cv-00826-JLB-NPM, 2021 WL 8743614 (M.D. Fla. Mar. 25, 2021). That case was dismissed by Judge

Magnuson a year ago for failing to state a claim. *Id.* Accordingly, Southern contends the Court already recognized subject-matter jurisdiction over this action. But the Court never dealt with jurisdiction in the previous case. "When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011); *Hagans v. Lavine*, 415 U.S. 528, 533 n.5 (1974) ("Moreover, when questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us."). Without more, Southern has still not shown Antonova's domicile, and diversity of citizenship is unclear.

## B.  Amount in Controversy

Antonova did not claim a specific amount in the Complaint and only alleged that damages exceed $30,000. (Doc. 2 at 1). Where, as in this case, the complaint alleges an unspecified amount of damages, "the district court is not bound by the plaintiff's representations regarding its claim," and may review the record for evidence relevant to the amount in controversy. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d

1316, 1319 (11th Cir. 2001).  So Southern must show more likely than not that the amount in controversy exceeds the $75,000 requirement.

Southern claimed in the Notice that Antonova demands policy limits, but policy limits are not mentioned in the Complaint.[2]  Regardless, Southern did not establish what those policy limits even were because it did not provide the policy.  Although defendants "may introduce their own affidavits, declarations, or other documentation" to meet their burden, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010), a conclusory affidavit from its own lawyer was not enough on its own to show that the amount in controversy met the requirement.  The Court also found that potential attorney's fees and a possible bad faith suit were irrelevant and ordered Southern to show cause.

Responding to the Order, Southern again claims that policy limits worth $100,000 are demanded.  But the actual policy is still nowhere to be found.[3]  Southern also claims Antonova medical bills exceed $100,000.  That number does not come from the Complaint, and again Southern fails to attach any documentation in support.  The Court is left then with Southern's conclusory

---

[2] Antonova only says that "the entire policy limits *of the underinsured tortfeasor* were surrendered to the plaintiff." (Doc. 2 at 3) (emphasis added).  Nowhere in the Complaint does she demand Southern's policy limit.

[3] Southern purports to have attached an exhibit of the insurance policy in the Response.  It is not attached and is otherwise missing from the record.

statements. This is not a preponderance of evidence that meets the amount in controversy burden.

Accordingly, it is now

**ORDERED:**

1. The action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 16, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record